UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STACY WAGNER,

    Plaintiff,

v.                                              CASE NO: 8:08-cv-140-T-23MAP

OERLIKON USA, INC., et al.,

    Defendants.

_____/

**ORDER**

On July 2, 2007, the plaintiff sued the defendants, Oerlikon USA, Inc., and OC Oerlikon Corporation AG, in the circuit court for Pinellas County. (Doc. 2, ¶¶ 23, 26) The plaintiff served the defendants on or about July 17, 2007. The complaint contains two state law claims, breach of an employment agreement and promissory estoppel, and no federal claim. The complaint alleges that the defendants "breached the Employment Agreement with Wagner by refusing to provide Wagner with the Severance Benefits and other benefits due to Wagner" after her termination in March, 2007. (Doc. 2, ¶ 26) The employment agreement, incorporated by reference in the complaint, defines "Severance Benefits" as a two-year continuation of "any pension, life insurance, health insurance, disability insurance and other employee benefit plans, if any, which the Company may from time to time make available to its executive officers generally." (Doc. 2, Ex. A, § 6 d. i. (3)) The complaint demands "unpaid wages, compensatory damages, special damages, costs, and attorney's fees and interest."

On December 17, 2007, the plaintiff responded to the defendants' "First Set of Interrogatories" served upon the plaintiff on November 16, 2007.  The plaintiff specifies that she seeks "401K matching . . ., life insurance offered to all employees, life insurance as an officer, health insurance, [and] disability insurance."  (Doc. 1, ¶ 4) Pursuant to 28 U.S.C. § 1446(b), the defendants filed a notice of removal on January 18, 2008, within thirty days after receiving the discovery response but six months after service of the complaint.  (Doc. 1, ¶ 4)  The defendants assert federal question jurisdiction and argue that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., completely preempts the plaintiff's state law claims.  (Doc. 9 at 3)  Moving to remand, the plaintiff argues that (1) ERISA does not preempt the state law claims and (2) the defendants waived their right of removal. (Doc. 8)

Section 1446(b) provides that in an action initially removable, a defendant "shall" file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  Section 1446(b) further provides that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  "The 30-day limit for the filing of the removal petition is mandatory . . . ."  Maybruck v. Haim, 290 F. Supp. 721, 723 (S.D.N.Y. 1968).  In determining timeliness, the crucial inquiry is when the

defendant should have "intelligently ascertained" that the case was removable. Bankston v. Illinois Nat'l Ins. Co., 443 F. Supp. 2d 1380, 1381 (M.D. Fla. 2006) (quoting Webster v. Dow United Techs. Composite Prods., Inc., 925 F. Supp. 727, 729 (M.D. Ala. 1996).

The complaint explicitly alleges a breach of an agreement to pay the "Severance Benefits." (Doc. 2, ¶ 26)  The employment agreement defines "Severance Benefits" as a two-year continuation of "any pension, life insurance, health insurance, disability insurance and other employee benefit plans, if any, which the Company may from time to time make available to its executive officers generally."[1]  (Doc. 2, Ex. A, § 6 d. i. (3))  The complaint and employment agreement clearly notified the defendants that the plaintiff seeks ERISA benefits.  Upon service of the complaint, the defendants could have "intelligently ascertained" that ERISA completely preempts the plaintiff's state law claims and that the complaint presents a federal question.  Because the defendants undoubtedly maintained a record of their contributions on behalf of the plaintiff, each category of benefit was peculiarly within the defendants' knowledge at the commencement of the action.  Notwithstanding, the defendants failed to file a notice of removal within thirty days after service.  The defendants' notice of removal is untimely, and the plaintiff properly moves to remand.

Pursuant to 28 U.S.C. § 1447(c), the plaintiff moves for an award of attorney's fees incurred as a result of removal.  The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where

---

[1] The complaint incorporates the employment agreement by reference.  Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136, 126 S. Ct. 704, 708 (2005); see also Bauknight v. Monroe County, Fla., 446 F.3d 1327, 1329 (11th Cir. 2006).  Although an award of fees requires no finding of bad faith, "[i]t goes without saying that if a removal is taken in bad faith, that fact constitutes a circumstance militating strongly in favor of an award of fees against the removing party." Gray v. New York Life Ins. Co., 906 F. Supp. 628, 633 (N.D. Ala. 1995); see also Husko v. Geary Elec., Inc., 316 F. Supp. 2d 664, 669 (N.D. Ill. 2004).  The defendants relied on a flawed but not objectively unreasonable basis when they removed within thirty days of the discovery response, rather than within thirty days of service.  The defendants' claim of complete preemption under ERISA is not objectively unreasonable.

The motion (Doc. 8) to remand is **GRANTED**, and this action is **REMANDED**.  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Pinellas County, (2) terminate any pending motion, and (3) close the case.  The motion (Doc. 8) for attorney's fees and costs is **DENIED**.

ORDERED in Tampa, Florida, on May 30, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE